IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00186-MR-DLH

THOMAS KNAPPENBERGER,       )
                            )
            Plaintiff,      )
                            )
                            )
vs.                         )       **O R D E R**
                            )
                            )
BUNCOMBE SHERIFF'S          )
DEPT., et al.,              )
                            )
            Defendants.     )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2], filed on July 23, 2014.

The Court will grant the Plaintiff's Application [Doc. 2] but will *sua sponte* dismiss the action pursuant to 28 U.S.C. § 1915(e)(2). That statute provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that ... the action [] is frivolous or malicious [or] fails to state a claim on which relief may be granted ... ." 28 U.S.C. §1915(e)(2)(emphasis added).

A review of Plaintiff's Complaint [Doc. 1], as amended [Doc. 2], reveals that his claims are factually and legally baseless. The Plaintiff brings suit against the Buncombe County Sheriff's Department, the Asheville Police Department, Mission Hospital, and Buncombe County Human Resources, as well as two entities in Arizona: the Sheriff's Department for Coconino County and Yavapai County Human Resources, alleging that the Defendants are unlawfully using the Plaintiff's Social Security number and "changing [his] name." [Doc. 1 at 4]. He further alleges that local law enforcement "mak[es] up stories about me to the people then eliminating my opportunity for anything." [Id.].

Plaintiff's allegations are frivolous and nonsensical and fail to state a cognizable claim upon relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Jones v. Bock, 549 U.S. 199 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); White v. White, 886 F.2d 721, 724 (4th Cir. 1989). It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [Doc. 1], as amended [Doc. 2], is hereby **DISMISSED** as frivolous.

**IT IS SO ORDERED.**

Signed: July 29, 2014

Martin Reidinger
United States District Judge